### GENERAL ELECTRIC COMPANY ET AL. v. JOHN W. MURRAY.

Decided April 14, 1903.

**1.—Master and Servant—Negligence—Injury to Electric Lineman.**

Plaintiff, an electric lineman, was injured by coming in contact with two live wires placed within a few inches of each other on the same side of the pole, when they should have been placed on opposite sides and on opposite ends of the cross-arm. Plaintiff did not know that the current was on, though he had heard that it was to be turned on as soon as the repairs were completed, but his foreman knew it, and that the wires were improperly placed, although this had been done by a prior owner of the plant. Held, that defendant company was negligent in not warning plaintiff; that its negligence was the proximate cause of plaintiff's injury, and that plaintiff was not guilty of contributory negligence.

**2.—Same—Contributory Negligence—Burden—Charge.**

Although plaintiff's own evidence raises the issue of contributory negligence, yet a charge that the burden of proving contributory negligence is on the defendant is not obnoxious to the rule in such case where it is qualified by the further instruction that in determining that issue the jury were to look to all the testimony, by whomsoever introduced.

**3.—Same—Pleading and Proof—Knowledge—Charge.**

Where the petition did not in direct terms charge defendant with knowledge of the negligent construction of the wires causing his injury, but did allege their defective construction, and that plaintiff had no knowledge thereof, and that defendant negligently operated the wires so as to injure plaintiff, and without warning to him, and no objection was taken to the pleading or to the admission of evidence of defendant's knowledge of the defective construction, the court did not err in submitting to the jury the issue of whether defendant had such knowledge.

**4.—Same—Same—Time Lost.**

Petition in an action for personal injuries held broad enough to warrant the court in submitting to the jury as an element of damage the time lost by plaintiff on account of the injuries, and to sustain a recovery therefor, although containing no specific allegation as to such time.

Appeal from the District Court of Harris. Tried below before Hon. Chas. E. Ashe.

*Terry, Ballinger, Smith & Cavin* and *James B. & Charles J. Stubbs,* for appellant.

*Lovejoy & Malevinsky,* for appellee.

PLEASANTS, ASSOCIATE JUSTICE.—Appellee brought this suit against the General Electric Company, a corporation, and Walter W. Reed and John Sehorn, as vice-principals of said company, to recover damages for personal injuries alleged to have been caused by the negligence of the defendants. The defendants answered by general denial and pleas of assumed risk and contributory negligence. The trial in the court below by a jury resulted in a verdict and judgment in favor of plaintiff against the defendants for $7000.

The record discloses the following facts: Plaintiff was on the 27th of June, 1900, in the employment of the defendant, the General Electric Company, in the capacity of lineman. The defendant company was then, and had been for some time prior thereto, engaged in the work of reconstructing the lines of the Citizens Light and Power Company in the city of Houston. The defendant Reed was employed by the defendant company as an electric engineer, and was superintending the work of reconstructing the lines of the Citizens company, and was also engineer for the latter company. The defendant Sehorn was employed by the defendant company as foreman of construction. At the time plaintiff was injured the defendant company had control of the entire plant of the Citizens company, including the currents of electricity which were sent out from the power house over the wires of said company. Both Reed and Sehorn had authority to employ and discharge the linemen engaged in reconstructing the plant. On the day above named plaintiff, in the discharge of the duties of his employment, went upon one of the poles of the Citizens company for the purpose of rearranging the wires and placing an arc light thereon. While thus engaged he came in contact with a wire charged with electricity and received an

electric shock which rendered him unconscious, and injured him in the manner and to the extent complained of in the petition.

Plaintiff did not know when he took hold of the wires that the current of electricity had been turned on, but this fact was known to both defendants Reed and Sehorn. The wires on the pole upon which plaintiff was at work were improperly and negligently placed upon the pole, in that the two primary or high voltage wires were placed within a few inches of each other, and upon the same side of the pole, when they should have been placed upon opposite sides of the pole and upon the opposite ends of the cross-arm to which they were attached. Had the wires been properly placed, plaintiff would not have been injured, notwithstanding the electric current had been turned on said wires without his knowledge, because no injury would have been caused plaintiff if his person had not come in contact with both of said primary wires at the same time, and this would not have occurred had the wires been placed in their proper position upon the pole. All of the wires upon the pole were similar in appearance, and there was no way by which the primary or high voltage wires could be distinguished from those of low voltage, and plaintiff had no knowledge of the fact that the primary wires were not in their proper position. Both defendants Reed and Sehorn knew that the wires were not properly placed upon the pole. Plaintiff was a competent and experienced lineman. He testified that he might have removed the wires from the cross-arm without receiving any injury had he known that they were charged with electricity, and that it was good practice to handle all wires as though they were live wires unless they were positively known not to be charged with electricity, and that such was the general custom among linemen during the time he had been engaged in that occupation. Plaintiff knew that as soon as the reconstruction of the electric plant should be completed the current would be turned on in the daytime, and heard the matter frequently discussed by the men engaged in the work. He also knew that when the current was turned on at the power house it went over the entire system of wires. Most of the plant had been reconstructed at the time plaintiff was injured, but the line on which he was at work had not been. The defendants had nothing to do with the original construction of this line, and were not responsible for the improper position in which the primary wires were placed upon the pole.

No question is made as to the sufficiency of the evidence to sustain the verdict of the jury as to the amount of damages sustained by plaintiff by reason of the injuries received by him.

We conclude from the undisputed facts before stated that the defendants were guilty of negligence in putting plaintiff to work upon the wires, by contact with which he was injured, without informing him that said wires were charged with electricity, and that the primary or high voltage wires were not placed in their proper position upon the pole, and that the evidence is sufficient to sustain the findings of the

jury that plaintiff was not guilty of contributory negligence, and that defendant's negligence was the proximate cause of the injury.

We shall not discuss appellant's assignments of error categorically nor in detail, but will dispose of the questions presented in a general way. The proposition submitted under the first assignment of error is not germane to the assignment, and is therefore not entitled to any consideration; but waiving objection to the sufficiency of the assignment to support the proposition, the charge complained of is not subject to criticism. The jury could not possibly have been misled by the instruction that the burden of proof upon the issue of contributory negligence was upon the defendant, because they were expressly told that in determining that issue they were "to look to all of the testimony, by whomsoever introduced." As thus qualified the charge was not obnoxious to the rule announced in Railway Co. v. Reed, 88 Texas, 439; Railway Co. v. Martin, 26 Texas Civ. App., 231, 63 S. W. Rep., 1039, and Railway Co. v. Hill, 5 Texas Ct. Rep., 232.

The charge of the court as a whole fully and fairly presents the law applicable to the facts in evidence, and there is no merit in any of the various assignments which complain of portions of said charge.

While plaintiff's petition does not in direct terms charge the defendants with knowledge of the negligent construction of the wires, it alleges a defective construction, and that plaintiff had no knowledge of same prior to the time he was injured, and charges that defendants "negligently and carelessly operated said electric wires and permitted said deadly current of electricity to be transmitted over and through said electric wires as aforesaid, without warning to plaintiff." No exception was urged to the petition on the ground that it failed to allege that defendants had knowledge of the defective construction of the wires at the time they caused the current of electricity to be transmitted through same, nor was there any objection to the introduction of the evidence which shows that defendants had such knowledge. It thus appears that no question was raised in the court below as to the sufficiency of the pleadings to admit this proof. We think the knowledge on the part of defendants of the defective construction of the wires can be reasonably inferred from the allegations of the petition, and such fact having been shown by the evidence, the trial court did not err in submitting to the jury as one of the grounds of negligence the act of the defendants in permitting plaintiff to work upon said wires without warning him of their defective construction. Railway Co. v. Parr, 26 S. W. Rep., 862; Insurance Co. v. Woodward, 18 Texas Civ. App., 496, 45 S. W. Rep., 186.

The allegations in the petition as to the damages sustained by the plaintiff are as follows: "That by reason of his injuries, as aforesaid, caused and occasioned as aforesaid, he has become lame and crippled and has lost the use of his right arm and hand, and incapacitated from ever pursuing his chosen occupation; that he was a competent and capable lineman, and fitting himself for advancement in his chosen

vocation as an electrician; that at the time of his injuries he was a strong and healthy man, and earning upon an average of $2.25 per day, and that had he not been injured, as aforesaid, he would in all probability have been able to earn as much as $3.50 per day as an electrician; that at the time of his injuries he was 27 years of age, and a strong and healthy man, capable of performing heavy manual labor; that by reason of the negligence of the defendants his earning capacity has been destroyed, his health impaired and he has been caused to suffer great physical and mental pain; that thereby he has been damaged in the sum of $30,000, to recover which this suit is brought."

We think these allegations are sufficiently broad to sustain a recovery for "the value of the time lost by plaintiff while disabled from his injuries to work and labor," and the trial court did not err in his charge in submitting to the jury as an element of damage the time lost by plaintiff on account of his injuries.

None of the special instructions requested by the defendants should have been given. In so far as said requested instructions correctly presented the law applicable to the facts in evidence, they were covered by the charge of the court, and their repetition would have given undue prominence to the issues thereby presented.

The assignment which complains of the verdict as being contrary to the evidence can not be sustained. As stated in our conclusions of fact, the evidence is amply sufficient to sustain the verdict.

We find no error in the record which would authorize a reversal of the judgment of the court below, and it is therefore affirmed.

*Affirmed.*