CITY OF FT. WORTH v. PATTERSON.
(No. 8571.)

(Court of Civil Appeals of Texas. Ft. Worth. April 7, 1917. Rehearing Denied May 12, 1917.)

1. MUNICIPAL CORPORATIONS ⬤⟿821(19)—DEFECTS IN STREETS—ACTIONS—PROXIMATE CAUSE.

Where plaintiff was injured by collision with team of horses, caused to run away by fall of a wheel of wagon into a hole negligently permitted to remain in a street of defendant city, by which fall the doubletree became unfastened and fell on one of the horses, frightening them, it could not be said as matter of law that the city's negligence was not the proximate cause of plaintiff's injuries on the ground that the fall of the wagon into the rut, the displacement of the doubletree, and the fright of the team were intervening, independent causes, and that the result could not have been anticipated.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1753.]

2. NEGLIGENCE ⬤⟿58—PROXIMATE CAUSE—UNCONTEMPLATED INJURY.

One is liable for the consequences of a negligent act which, in the probable and natural course of the happening of events, results in an

injury, notwithstanding the resulting injury or some similar injury could not have been reasonably contemplated.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 71.]

3. NEGLIGENCE ☞62(1)—PROXIMATE CAUSE.

The intervention of an independent cause which interrupts the continuity of the train of results flowing from an act of negligence, and which of itself alone in regular sequence causes the injury, will render the act of negligence complained of nonactionable for such injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76, 78.]

4. NEGLIGENCE ☞62(1)—PROXIMATE CAUSE.

Neither the instinctive act of an unreasoning animal nor the impulsive, involuntary act of a sentient being, directly brought about by an act of negligence, will break the line of causation of the consequences for which the negligent actor is liable.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 76, 78.]

5. NEGLIGENCE ☞61(1)—CONCURRENT CAUSES OF INJURY.

The intervention of an unforeseen and unexpected cause alone is not sufficient to relieve a wrongdoer from the consequences of his negligence, if such negligence directly and proximately co-operates with the independent cause in the resulting injury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 74.]

Appeal from District Court, Tarrant County; Mike E. Smith, Special Judge.

Action by E. Patterson against City of Ft. Worth. From judgment for plaintiff, defendant appeals. Affirmed.

T. A. Altman and B. L. Agerton, both of Ft. Worth, for appellant. M. B. Harris, J. E. Burton, and A. B. Curtis, all of Ft. Worth, for appellee.

CONNER, C. J. The appellee, E. Patterson, instituted this suit against the appellant, the city of Ft. Worth, to recover damages on account of personal injuries alleged to have been sustained by him. Plaintiff alleged that at the time named he was engaged in driving a small wagon northward along Jennings avenue, a public street in the city of Ft. Worth, when he was suddenly run into from behind by a team of runaway horses, and violently thrown out of his wagon to the street, and was trampled upon and otherwise injured, as set forth in the petition. As alleged and as subsequently shown by evidence sufficient to sustain the verdict in that respect, the runaway team had been hitched to a hay wagon driven by one J. L. McCarter, which team was caused to run away and get out of the control of its driver in substantially the following manner and under the following circumstances: At that time and for long continuously theretofore there were large holes and ruts in said Jennings avenue over which both the plaintiff and McCarter were driving; that because of said broken and defective condition of the street the wheels of the hay wagon dropped into one of said holes,

thereby causing a doubletree to become unfastened and to fall upon one of the horses attached to the wagon, by reason of which the horses became frightened and unmanageable, with the result as stated. It was alleged that the broken and defective condition of the street had, as stated, existed for several months prior to the occurrence, and that the city had both constructive and actual notice of the condition which, as alleged, was the proximate cause of the injury. The defendant pleaded the general denial, and presented other issues in its pleadings that we need not notice, as they are not here insisted upon. The case was tried before a jury, and resulted in a verdict and judgment for the plaintiff, from which the city has appealed.

The evidence is undoubtedly sufficient to sustain the jury's finding in the plaintiff's favor on the issue of negligence in permitting the ruts and holes in Jennings avenue, into which McCarter's wagon wheels dropped. Indeed, this for the purposes of this appeal is admitted. In various forms, appellant only presents to this court the question of whether the said negligence of the city as alleged and proven was the proximate cause of the plaintiff's injuries. It is insisted, in substance, that the fall of the wagon into the rut, the displacement of the doubletree, and the fright of the team were intervening, independent causes, and that the result could not have been reasonably anticipated; the familiar cases of T. & P. Ry. Co. v. Bigham, 90 Tex. 223, 38 S. W. 162, Seale v. G. C. & S. F. Ry. Co., 65 Tex. 274, 57 Am. Rep. 602, F. W. & R. G. Ry. Co. v. Neely, 60 S. W. 282, and other cases being cited in support of the contention.

[1-3] We are of the opinion, however, that appellant's assignments of error raising the question should be overruled. The question of proximate cause has been so frequently discussed that we feel that it will be wholly unnecessary to again review the authorities on this much-debated question. It is a familiar rule, as indeed illustrated by the cases which appellant cites, that a defendant must be held liable for the consequences of an act of negligence which, in the probable and natural course of the happening of events, results in an injury. In such cases, in law, a defendant will not be heard to say that the resulting injury or some similar injury could not have been reasonably contemplated. Of course, the intervention of an independent cause, which interrupts the continuity of the train of results flowing from an act of negligence and which of itself alone, in regular sequence, causes the injury, will render the act of negligence complained of nonactionable, but we have no such state of facts before us. Here without dispute the city negligently permitted a deep hole for a long period of time, and of which it had notice, to

remain in Jennings avenue, a well-traveled street. As it seems to us, nothing is more natural than that as a result of such a defect in the street it could be contemplated that some vehicle drawn by horses might fall therein, and that as a result of such fall the drawing team would become frightened and run and collide with another lawfully on the street. The fact that the fright of the team was caused by a flying doubletree that became detached, or by the fall of the driver or of the hay with which the wagon was loaded, instead of by the jar and rattle of the wagon as it fell, is wholly immaterial. These are but, to a greater or less extent, mere surmises as to the immediate cause of the particular happening, which more directly culminated in the unmanageable fright of the horses. Those circumstances do not amount, of themselves, to the intervention of independent causes of a character to relieve appellant from the consequences.

[4] It is well settled that neither the instinctive act of an unreasoning animal, nor the impulsive, involuntary act of a sentient being directly brought about by an act of negligence, will break the line of causation. This will appear from a consideration of many decisions, but may be illustrated in the case of the animal by Texas & Pacific Ry. Co. v. Moseley, 58 S. W. 48, by the Court of Appeals for the Fifth District, in which a writ of error was refused. There Moseley while driving his team on or near a railway crossing was suddenly approached by a freight train coming towards him. The operatives of the locomotive negligently gave a number of sharp, piercing whistles of the locomotive, thus frightening Moseley's team, which ran away and on and into a gully, by reason of which Moseley fell out of his buggy and was injured. Of course, the more immediate causes of Moseley's injuries were the fall from the buggy and the fright of his team, notwithstanding this the negligence of the operatives of the locomotive referred to was held to be the proximate cause for the results of which the railway company was held liable. An instance of liability notwithstanding the intervention of an independent, involuntary co-operative act of a third person may be illustrated by the celebrated "squib case" familiar to all law readers. There a person negligently threw a lighted squib into a crowded street, which fell upon one of the assembled multitude, who, instinctively and involuntarily in avoiding danger to himself, knocked or threw the squib beyond him onto another person, who was injured thereby. It was held that, notwithstanding the act of the intermediate party, the line of causation was not broken, but that in a legal sense the negligent act of the person who first cast the lighted squib into the street was the proximate cause of the final injury, and for which

at the suit of the injured party the original wrongdoer was held liable.

[5] Moreover, the intervention of an unforeseen and unexpected cause alone is not sufficient to relieve the wrongdoer from the consequences of his negligence. It suffices if the negligence directly and proximately cooperates with the independent cause in the resulting injury. At most nothing beyond this can be said in the present instance, for, as it seems plain to us, the negligence of the city in permitting excavations in the street at least directly and proximately contributed with all other causes in the injuries complained of by appellee. All material issues made by the pleading and the evidence, including the issue of proximate cause, as was proper, were submitted to the jury in a form of which no complaint is made, and we think the jury's verdict must be upheld.

All assignments of error are accordingly overruled, and the judgment affirmed.