GULF, C. & S. F. RY. CO. v. STEED et ux. (No. 2074.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 26, 1919. On Appellee's Motion for Rehearing, March 20, 1919.)

1. CARRIERS ⊙〰302(1) — CARRIAGE OF PASSENGERS—DUTY OF CARE.

A conductor of a railroad passenger train must use the care a very cautious, prudent, and competent person would use for safety of a woman walking toward him in aisle of a moving car.

2. CARRIERS ⊙〰302(1)—CARRIAGE OF PASSENGERS—NEGLIGENCE.

Conductor of passenger train was not negligent in standing in aisle about middle of a car, bent over talking to some one, as plaintiff, a woman, approached, walking to rear, and became overbalanced while attempting to stop to wait until conductor would let her pass.

On Appellee's Motion for Rehearing.

3. EVIDENCE ⊙〰500 — OPINION EVIDENCE—HYPOTHETICAL CASE.

In action against carrier for injuries occasioned by fall in aisle of a moving car, testimony of conductor that a woman walking to rear of a car in motion might become overbalanced while attempting to stop to wait while one obstructing the aisle should let her pass, was a mere opinion on a hypothetical case, and incompetent.

Appeal from District Court, Hunt County; A. P. Dohoney, Judge.

Action by S. A. Steed and wife against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Reversed and rendered.

On the afternoon of April 25, 1916, appellee Mrs. Steed, then a passenger on one of appellant's trains, while walking from the front end to the rear end of the car she was in, fell to the floor thereof, and thereby was injured. Her account of the accident was, substantially, as follows: The conductor was at about the middle of the car, standing in the

aisle, bent over, talking to some one, as she approached him. When she got near to him he straightened up, looked at her, and then again bent over toward the person he was talking to, thereby obstructing the aisle, she said, so that she could not pass on. She endeavored to stop, intending to wait in the aisle until the conductor "got ready to let her pass," but, instead, because the train was moving rapidly in a direction opposite to the one in which she was moving, lost her balance and fell to the floor. At the time she fell she was so close to the conductor, she said, that she "could have touched him." If he had not stooped over as he did, she further said, she could have gone "around him and scrouged by him." On the theory that the conductor, in obstructing the aisle as he did, was guilty of negligence which proximately caused Mrs. Steed to fall as she did, appellees sued and recovered the judgment for $4,000, from which the appeal is prosecuted.

Terry, Cavin & Mills, of Galveston, Dinsmore, McMahon & Dinsmore, of Greenville, and Jno. G. Gregg, of Ft. Worth, for appellant.

B. Q. Evans, of Greenville, W. A. Shields, of Houston, and Carden, Starling, Carden, Hemphill & Wallace, of Dallas, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] Keeping in mind the rule that required appellant's conductor to use the care a very cautious, prudent, and competent person would have used for Mrs. Steed's safety when he saw her walking toward him in the aisle of the car (Railway Co. v. Halloren, 53 Tex. 46, 37 Am. Rep. 744; St. John v. Ry. Co., 80 S. W. 235), we nevertheless are of the opinion the trial court erred when he refused appellant's request that he instruct the jury to return a verdict in its favor; for we do not think the facts proven warranted a finding that said conductor acted as such a person would not have acted. We think a very cautious, prudent, and competent person reasonably would not have expected or foreseen that injury to Mrs. Steed would result from his obstructing the aisle as the conductor did, and therefore we think that the injury she suffered should have been regarded as due to an accident for which appellant was not responsible. Railway Co. v. Brown, 75 S. W. 807. As supporting a contrary view appellees cite City of Ft. Worth v. Patterson, 196 S. W. 251, Houston Chronicle Pub. Co. v. Lemmon, 193 S. W. 347, Railway Co. v. Barrett, 46 Tex. Civ. App. 14, 101 S. W. 1025, 121 S. W. 570, and Beiser v. Railway Co., 152 Ky. 522, 153 S. W. 742, 43 L. R. A. (N. S.) 1050. In the Patterson Case the question was not one as to whether the city was negligent, but as to whether its negligence was the proximate cause of the injury to the plaintiff or not. And so in the Barrett Case

the question decided was one as to proximate cause, the court saying, "the injurious, proximate, and natural consequences of an act of negligence are deemed to be foreseen." In the Lemmon Case it appeared that the carrier for a newspaper threw "a tightly rolled paper, so as to make it a compact body," among women and children, injuring one of them. The court properly held, we think, that the jury had a right to say that in the exercise of ordinary care the carrier should have anticipated that injury would result from his act, and therefore that he was negligent. In the Beiser Case, decided by the Kentucky Court of Appeals, it appeared that the plaintiff was tripped and thereby caused to fall by a suit case left by a passenger in the aisle of the car she was riding in. On the ground that the railway company was not guilty of negligence in not discovering the suit case in the aisle and removing it before the plaintiff stumbled over it, the trial court instructed the jury to return a verdict for the railway company. The appellate court thought this was error, and reversed the judgment, not because the testimony warranted a finding of negligence on the part of the company for not discovering and removing the suit case, but because of testimony which would have warranted a finding that the railway company was guilty of negligence in that it did not have the car properly lighted so that plaintiff could see the suit case in time to avoid stumbling over it. It is obvious, we think, that the rulings made in the cases specified are not inconsistent with the conclusion reached by us in this one.

The judgment will be reversed, and judgment will be here rendered that appellees take nothing by their suit against appellant.

### On Appellee's Motion for Rehearing.

The judgment was reversed because we thought a very prudent person obstructing the aisle as appellant's conductor did would not have anticipated that his doing so would result in injury to appellee's wife, and that the conductor therefore should not be held to have been guilty of negligence. Combating this view of the case, appellee insists it appeared that the conductor did anticipate injury might result as it did to appellee's wife from his act, and as supporting his contention calls attention to testimony of the conductor as follows:

"At the time this woman fell, * * * I was right slap in the aisle, but not quite all of the aisle was taken up by me. The distance across that aisle was 27 or 28 inches. As to whether or not if I was standing there in that aisle as I said I was she didn't have an inch to get by me on, I would have stepped out of the way and let her by, yes, sir; that is proper, and it is my duty to do that. If a lady is coming down the aisle it is my duty to step out and let the lady go by, and it is safer for our passengers for me to do that. No, sir; it is not my purpose to block the aisle when

people are walking on it, and that would be dangerous if I did. If a person should be coming right on to where I am standing, if a lady should be walking in the opposite direction from the way the train is going and meeting me, I would not block the aisle. I would be liable to unbalance the woman. Yes, sir; I would be liable to cause the woman to lose her balance, and she might fall. I have been a conductor a long time, and have done that."

[3] The writer thinks the jury had a right to find from the testimony of appellee's wife that the conductor looked at her as she approached him in the aisle; that he saw her, notwithstanding his testimony to the contrary; and is inclined to think that the jury, having found so much, had a right to further find from the testimony (not objected to) set out above that the conductor anticipated that injury might result to appellee's wife if he obstructed the aisle as he did. If they might have so found, the writer thinks the conclusion the jury reached that the conductor was guilty of negligence was warranted, and, therefore, that the act of this court in reversing the judgment on the ground it did reverse it on was erroneous. However, the other members of the court think the testimony set out was without probative value on the issue of negligence vel non of the conductor, because a mere opinion of the witness on a hypothetical case, and for that reason incompetent as evidence. Henry v. Phillips, 105 Tex. 459, 151 S. W. 533. Therefore the motion is overruled.