## Beiser v. Cin., N. O. & T. P. Ry. Co.

(Decided February 28, 1913.)

### Appeal from Kenton Circuit Court.

### (Criminal, Common Law and Equity Division.)

1. Railroads—Safety and Comfort of Passengers—Negligence.—It is the duty of a railroad carrier of passengers to maintain its coaches in such a condition as will reasonably secure the safety, comfort and convenience of passengers, but it is not ordinarily responsible for injury to a passenger resulting from the negligence of another passenger, unless the circumstances are such as that by the exercise of ordinary care it could have anticipated the danger and guarded against it.

2. Railroads—Passengers—Injury to—When Railroad Not Liable in Damages.—Where a passenger upon entering a car falls over and is injured by a valise, which another passenger had placed in the aisle but five minutes before the accident, and the train employes when it was done, and during the interval, were not in the car because of having to be outside engaged in the necessary duty of directing and assisting passengers in getting upon the train, the carrier cannot be made liable in damages to the injured passenger for the negligence of the owner of the valise in obstructing the aisle, unless its train employes were negligent, as alleged in the petition, and the evidence conduced to prove, in failing to provide the car with light sufficient to enable the injured passenger, by the exercise of ordinary care, to discover the presence in the aisle of the valise in time to have avoided contact with it.

3. Carriers—Injury to Passenger—Negligence—Proximate Cause.—As there was evidence conducing to prove that the injuries complained of resulted from the concurring negligence of the carrier's servants and that of the owner of the valise, it should have been left to the jury to determine whether the negligence of the former's servants or that of the owner of the valise, was the proximate cause of the injuries; or whether they resulted from the contributory negligence of the person injured.

4. Negligence—Proximate Cause—Probable Cause—Question for Jury. —An act or omission may yet be negligent and of a nature to charge a defendant with liability, although no injuries would have

been sustained but for some intervening cause, if the occurrence of the latter might have been anticipated. A proximate cause is that cause which naturally led to and which might have been expected to produce the result. In cases involving the question of probable cause, its decision should ordinarily be left to the jury.

O. M. ROGERS, for appellant.

GALVIN & GALVIN, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

This is an appeal from a judgment entered upon a verdict, in favor of the appellee, Cincinnati, New Orleans and Texas Pacific Railway Company, returned by the jury in obedience to a peremptory instruction given by the trial court, at the conclusion of the evidence introduced in behalf of the appellant, Kate Beiser.

The action was one to recover damages for personal injuries sustained, as alleged in the petition and amended petition, by appellant while a passenger on one of appellee's trains, because of the negligence of the appellee and its servants in failing to provide her with a reasonably safe car in which to ride. According to the averments of the petition, as amended, appellant, and Mrs. Hicks, a neighbor, on the morning of June 19, 1911, purchased from appellee's station agent at Erlanger, Kentucky, tickets which entitled them to ride on its train, then about to leave, to Cincinnati, Ohio, and return to Erlanger on another of its trains the same day; that about 11:30 o'clock A. M., of that day appellant and Mrs. Hicks were carried from Erlanger to Cincinnati by appellee's train for which they had procured tickets, and after several hours spent in shopping in that city they went to the Union Central station, where they entered a car of appellee's train which daily left the station at 5:30 P. M. for Erlanger; and in proceeding along the aisle of the car for the purpose of obtaining desirable seats, appellant's feet came in contact with a valise or dress suit case lying in and obstructing the aisle, which caused her to fall against a car seat and receive the injuries complained of.

It was, in substance, further alleged in the petition, that the roof of the train shed in which appellee's train stood, together with the main station building, adjacent cars and ground elevations, so shut off the sunlight from the train and darkened the car entered by appellant, that she was unable to discover the obstruction of the

aisle by the valise, and that her fall and consequent injuries were caused by the negligence of appellee and its servants in failing to properly light, while it remained under the train shed, the car entered by her; and in failing to prevent the obstruction of the aisle by the valise, the presence of which therein was, as alleged, known to its servants, or by the exercise of ordinary care could have been discovered by them, in time to have prevented appellant's injuries.

The answer of appellee contained a traverse, and, in addition, a plea of contributory negligence, which was controverted by appellant's reply.

We are advised by briefs of counsel that the trial court was of the opinion that, although appellant's evidence showed that her injuries were caused by the obstruction in the aisle of the car by the valise, as the valise was placed there by the owner, also a passenger, appellee could not be made liable for that act, unless the evidence conduced to prove that its servants knew, or by the exercise of ordinary care could have known, of the presence of the valise in the aisle in time to have prevented appellant's injuries. And as the court was further of the opinion that the evidence failed to show such knowledge or means of knowledge on the part of appellee's servants, it was concluded that the giving of the peremptory instruction asked by appellee was proper.

This view of the case ignored the allegation of the petition—in support of which there was considerable evidence—that appellee was negligent in the matter of failing, at the time of the accident, to provide the car with such light as would have enabled a passenger, by the use of ordinary care, to discover the presence in the aisle of such an obstruction as a valise.

But three witnesses, beside appellant, testified as to the condition of the car when she entered it. These were Mrs. Hicks, John Gooth and George Bolte. Gooth had been in the car some minutes when appellant and Mrs. Hicks entered it. Bolte went in immediately after them and had just taken his seat near the rear end of the car when appellant fell. Gooth occupied a seat across the aisle from where the valise sat on the floor. Both Bolte and Gooth saw appellant stumble over the valise and fall and both went to her assistance. Gooth testified that five minutes before appellant and Mrs. Hicks entered the car, a man and woman, unknown to him, came

in and took a seat on the right of the aisle not far from him and that the man placed on the floor, with its end projecting considerably into the aisle, the valise over which appellant fell, and, while he did not look closely at the valise, he knew it remained in the same position until appellant entered the car and fell over it in attempting to take a seat in front of that occupied by the man and woman referred to.

Appellant, Mrs. Hicks, Bolte and Gooth, all testified that the car was unprovided with lights, and though it was more than an hour until sunset, the sunlight was so obstructed by the train shed, station building, contiguous cars and ground elevation, that it did not penetrate the car with sufficient power to enable persons in entering it to discern obstructions in the aisle, particularly such an object as a vailse so placed between two seats as to extend out into the aisle.

Gooth also testified that just before appellant came into the car, or as she entered it, he attempted to read a newspaper which he had purchased on the way to the station, but that the light was so dim he could not do so.

The testimony of the three witnesses named, together with that of appellant that she could not see the valise and did not know of its presence in the aisle until she came in contact with and was thrown down by it, furnished proof of negligence on the part of the appellee sufficient to require the submission of the case to the jury.

We are not prepared to hold that the evidence will allow the appellant to recover on the ground that appellee was guilty of negligence in allowing the valise to remain in the aisle until she was injured by falling over it, for according to Gooth, who alone testified on that point, the valise did not remain in the aisle where it was placed by the owner more than five minutes before the accident occurred; and, as shown by all the testimony, during that interval the conductor and brakeman of the train were not in the car at all but were on the outside of the train directing and assisting passengers to get thereon; being thus engaged in the performance of their necessary duties, it is manifest that they did not know and by the exercise of ordinary care could not have known of the obstruction of the aisle by the valise.

In Adams v. L. & N. R. R. Co., 134 Ky., 620, the plaintiff was injured by the falling upon her of a suit

case from one of the racks in the coach, where it had been placed by a fellow passenger in such a position that the oscillation of the train was liable to cause it to fall, as it did. We held that while a carrier is not ordinarily responsible for injury to a passenger from the acts of another passenger, it may be made so if the circumstances are such as that by the exercise of ordinary care it could have anticipated the danger and guarded against it; and, as in that case, the evidence showed that the suit case had remained in the rack prior to the accident, for a sufficient length of time to have enabled the carrier's employes to take notice of its dangerous position, whether the carrier was negligent in not doing so and in failing to remove or secure it, was a question that should have been left to the determination of the jury.

In Railroad Co. v. Buckmaster, 74 Ill. App. 575, it has held that the carrier was liable to a passenger who was injured by falling over an obstruction in the aisle, where by ordinary care it should have known of the obstruction and made the aisle safe, and that this is ordinarily a question for the jury. But in Adams v. L. & N. R. R. Co., supra, the following cases are mentioned, in which recoveries for similar injuries were not allowed, on the ground that they were caused by the acts of other passengers, which the carrier could not, by the exercise of ordinary care, have guarded against. Morris v. N. Y., &c. R. R. Co., 160 N. Y., 678; Whitney v. N. Y., &c. R. R. Co., 97 App., Div. 11, 89 N. Y. Supp., 584; Gulf, &c. R. R. Co. v. Shields, 9 Tex. Civ. App., 625; Clarke v. L. & N. R. R. Co., 101 Ky., 34.

In our opinion, the only ground of recovery shown by the evidence introduced in appellant's behalf, is that of the negligence of appellee in failing to provide the car with lights sufficient to disclose to appellant in entering it the presence of the valise in the aisle.

In reaching this conclusion we are not unmindful of the fact that the owner of the valise in placing it in the aisle, was also guilty of negligence which contributed to appellant's injuries, but, notwithstanding such negligence, it should have been left to the jury to determine whether or not the primary negligence of appellee in failing to provide the car with lights was the proximate cause thereof.

The law makes it the duty of a common carrier of passengers to maintain its coaches in such a condition

as will reasonably secure the safety, comfort and convenience of passengers. C., N. O. & T. P. Ry. Co. v. Lorton, 33 R., 689; I. C. Ry. Co. v. Cruise, 133 Ky., 463.

In cases involving the question of proximate cause its decision should be left to the jury. As said in the leading case, Milwaukee Railroad Co. v. Kellogg, 94 U. S., 469:

"The true rule is that what is the proximate cause of the injury is ordinarily a question for the jury. It is not a question of science or legal knowledge. It is to be determined as a fact in view of the circumstances of fact attending it."

In Watson v. K. & I. B. & Ry. Co., 137 Ky., 619, will be found an elaborate discussion of this question, together with a citation of numerous authorities in point. In the opinion we said:

"In Thompson on Negligence, section 161, it is said: 'On principle, the rule must be here, as in other cases, that, before the judge can take the question away from the jury and determine it himself, the facts must not only be undisputed, but the inference to be drawn from those facts must be such that fairminded men ought not to differ about them. It must be concluded that this is so, when it is considered that the proximate cause is a cause which would probably, according to the experience of mankind, lead to the event which happened, and that remote cause is a cause which would not, according to such experience, lead to such an event. Now whether a given cause will probably lead to a given result is plainly to be determined by the average experience of mankind; that is, by a jury rather than by a legal scholar on the bench.' No better statement of the law of proximate cause can be given than is found in 21 Am. & Eng. Ency. of Law, (2nd Ed.) 490, quoted with approval in Louisville Home Telephone Company v. Gasper, 9 L. R. A. (N. S.) 548: 'It is well settled that the mere fact that there have been intervning causes between defendant's negligence and the plaintiff's injuries is not sufficient in law to relieve the former from liability; that is to say, the plaintiff's injuries may yet be natural and proximate in law, although between the defendant's negligence and the injuries other causes and conditions, or agencies, may have operated, and, when this is the case, the defendant is liable. So the defendant is clearly responsible where the intervening causes, acts, or condi-

tions were set in motion by his earlier negligence, or naturally induced by such wrongful act or omission, or even, it is generally held, if the intervening acts or conditions were of a nature the happening of which was reasonably to have been anticipated, though they may have been acts of the plaintiff himself. An act or omission may yet be negligent and of a nature to charge a defendant with liability, although no injuries would have been sustained but for some intervening cause, if the occurrence of the latter might have been anticipated. * * * * A proximate cause is that cause which naturally led to and which might have been expected to produce the result. * * * * The connection of cause and effect must be established. It is also a principle well established that when an injury is caused by two causes concurring to produce the result, for one of which the defendant is responsible, and not for the other, the defendant can not escape the responsibility. One is liable for an injury caused by the concurring negligence of himself and another to the same extent as for one caused entirely by his own negligence.' Blacks Law and Practice, section 21; Thompson on Negligence, section 4752; Whitaker's Smith on Negligence, 27; 29 Cyc., 488-502.

"If the presence on Madison Street in the city of Louisville, of the great volume of loose gas that arose from the escaping gasoline was caused by the negligence of the appellee Bridge & Railway Company, it seems to us that the probable consequences of its coming in contact with fire and causing an explosion was too plain a proposition to admit of doubt. Indeed, it was most probable that some one would strike a match to light a cigar or for other purposes in the midst of the gas. In our opinion, therefore, the act of one lighting and throwing a match under such circumstances cannot be said to be the efficient cause of the explosion. It did not of itself produce the explosion, nor could it have done so without the assistance and contribution resulting from the primary negligence, if there was such negligence, on the part of the appellee Bridge and Railway Company in furnishing the presence of the gas in the street. This conclusion, however, rests upon the theory that Duerr inadvertently or negligently lighted and threw the match in the gas. This view of the case is sustained by the following leading cases, all decided by this court: Snydor v. Arnold, 122 Ky., 557, 92 S. W., 289; 28 R., 1252;

Louisville Gas Co. v. Gutenkunt, 82 Ky., 432; Whitman-McNamara Tobacco Co. v. Warren, 66 S. W., 609, 23 R., 2120; Louisville Home Telephone Co. v. Gasper, 123 Ky., 128, 93 S. W., 1057; 29 R., 578; 9 L. R. A. (N. S.) 548.''

"The cases, *supra,* are, indeed in point of fact and principle so analagous to the case under consideration as to completely control its determination, and to render further discussion of it unnecessary."

Tested by the controlling principles announced in the opinion, *supra,* the evidence adduced in support of the cause of action alleged in the petition in the instant case should have gone to the jury. And if, as it conduced to prove, appellant's injuries resulted from the negligence of appellee's servants in failing to properly light the car, combined with that of the passenger in obstructing the aisle with his valise, it would have been the province of the jury to say whether the negligence of appellee's servants or that of the passenger was the efficient cause of the accident. It must be presumed that the servants of appellee knew the car was insufficiently lighted, and that it was probable some passenger would inadvertently or otherwise obstruct the aisle with his baggage, therefore, it may well be said that they ought to have foreseen that their negligence in failing to provide the car with sufficient light would probably lead to such an accident as occurred; and, this being true, there would have been ground for the jury to conclude that their primary negligence was the efficient or proximate cause of appellant's injuries, although the intervening cause was the negligence of the passenger in placing his valise in the aisle.

Of course the question whether appellant was guilty of contributory negligence was also for the jury to determine; for notwithstanding the insufficiency of the light in the car and the obstruction in the aisle, if by the exercise of ordinary care she could have discovered the obstruction, and her failure to use such care caused her injuries, she cannot recover. Appellant's injuries were fully shown by the evidence, two of the witnesses being physicians who examined her. They consisted of a bad bruise on the face, fracture of some of the ribs and displacement of a kidney. They were so serious as to cause her to keep her bed and room for several weeks and will probably result in the permanent impairment of her health.

For the reasons indicated, the judgment is reversed and cause remanded for a new trial, consistent with the opinion.