## Major Taylor & Company v. Harding.

(Decided November 26, 1918.)

### Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Appeal and Error—Erroneous Instructions—When Harmless
   Error.—In a suit to recover damages for personal injuries caused
   by the negligence of a chauffeur, it was error for the court to
   give an instruction on the incompetency of the chauffeur, but as
   there was no evidence whatever tending to show his incom-
   petency the error was not prejudicial.

2. Appeal and Error—Erroneous Instructions—When Harmless
   Error.—Where there are substantial issues made in a case by
   the evidence and the court goes outside of the evidence and gives
   an instruction upon an issue made in the pleadings, that is en-
   tirely unsupported by evidence, the error will be harmless when
   it appears that no attention was given to the erroneous instruc-
   tion in the argument of the case, and the issues made by the
   evidence which were submitted by instructions, furnished ample
   ground for the verdict.

3. Trial—Instructions—Should Not Be Given Unless Supported by
   Evidence.—An instruction should not be given upon an issue
   made in a pleading unless there is some evidence in support of
   the issue as made in the pleading.

BURWELL K. MARSHALL for appellant.

EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellee, William G. Harding, while in the act of
walking across one of the streets of the city of Louis-

ville, known as Bardstown road, at the point where it is intersected by Ellwood avenue, was struck by an automobile truck owned by the appellant, Major Taylor & Company, and being operated by its servant, Zimmerman. As a result of the collision Harding was seriously injured and in a suit to recover damages for the injuries sustained, upon the ground that they were caused by the negligence of Zimmerman in operating the truck, there was a judgment in his favor for $1,865.00, and this appeal is prosecuted in an effort to secure a reversal of the judgment.

Briefly, the facts are substantially these: Harding, early in the evening, started to walk across Bardstown road, at its intersection with Ellwood avenue, from the south side to the north side, for the purpose of taking a street car that would stop on the north side of the road on its way into the city; that it was dark and had been raining, although it appears that the rain had quit falling at the time Harding started across the road; that the place was lighted by a street lamp suspended in the middle of the road at the intersection of the avenue; that when he had gotten probably half way across the road he was struck by the truck operated by Zimmerman and knocked some fifteen feet by the force of the collision; that the truck, after striking him, ran between seventy-five and one hundred feet before it was stopped.

The evidence for Harding was to the effect that before he started across he looked up and down the road to see if any automobiles or vehicles were approaching and not discovering any went on his way and was struck by the truck as stated; that the truck at the time it struck him was going at a speed of about twenty-five miles an hour and the chauffeur did not sound any horn as he approached the intersection, or in that vicinity. On the other hand, there was evidence for Major Taylor & Company that the truck was going at a speed of about twelve miles an hour; that the horn was sounded as it approached the intersection; that the chauffeur was keeping a lookout and that Harding, not observing its approach, walked into the side of the truck near the front end, thereby receiving the injuries complained of. It will thus be seen that there was a sharp conflict in the evidence upon the material issues in the case, but there was sufficient evidence to sustain the jury in finding as

they did that the theory of the collision presented by Harding was the correct one, and so nothing more need be said upon this feature of the case.

The court, in instructing the jury as to the duty the driver of the truck was under, told them in substance that it was the duty of Zimmerman as he approached the intersection to keep a lookout ahead, to operate his truck at a reasonable rate of speed, having regard for the traffic; to have his truck under reasonable control; to give reasonable and timely warning of the approach of the truck to the intersection by the usual and customary signals, and to exercise ordinary care generally to avoid colliding with any person who might be using the street, and if they believed from the evidence that he failed to perform any of these duties, and by reason of such failure, if there was any, the collision was brought about, and Harding thereby injured, they should find for Harding. They were further told that it was the duty of Zimmerman not to operate his truck at a greater rate of speed than fifteen miles per hour at the place of collision, and if they believed he did operate his truck at a greater speed than this and Harding was injured by the collision of the truck with him, they should find for Harding, unless they believed the rate of speed was not the proximate cause of the collision.

In another instruction, the jury were advised that it was the duty of Harding to exercise ordinary care for his own safety, and told that if he failed to exercise the required care, and by reason of such failure, if any there was, he helped to cause or bring about the injuries complained of, the jury should find against him, although they might believe from the evidence that the driver of the truck was negligent in failing to perform the duties required of him. In other instructions "ordinary care" and "negligence" were defined, and the measure of damages, if any, Harding was entitled to recover, set forth. These instructions conform substantially to the law applicable to the case as laid down by this court in numerous opinions.

The court, however, in addition to the instructions we have mentioned, told the jury, in instruction No. 1, that if they believed from the evidence that Zimmerman was inexperienced and incompetent to operate the truck at the place in question and that Major Taylor & Company

knew, or by the exercise of ordinary care should have known before the time of the collision, that he was inexperienced and incompetent and that notwithstanding this knowledge they negligently and knowingly employed him to operate the truck, and by reason of his inexperience and incompetency the truck was caused to collide with Harding, they should find for him.

The reasons that influenced the court to give this instruction do not appear in the record unless the allegations of the petition should be looked to, but these allegations charging incompetency and inexperience on the part of the chauffeur, and knowledge of this on the part of Major Taylor & Company did not warrant the instruction, because there was not a particle of evidence introduced by either side tending in the slightest degree to show that Zimmerman was either inexperienced or incompetent. On the contrary, the evidence, without contradiction, shows that he was experienced and competent. Counsel on both sides agree as to this. Accordingly there was no room or place in the case for this instruction; because it is too well settled to need even a citation of authority, that an instruction should not be submitted on an issue that is entirely unsupported by evidence or reasonable inference therefrom, although an issue on the point may have been made in the pleadings. Proper exception was taken to the giving of this instruction and if it was a prejudicial error the judgment should be reversed on account of it. We do not think, however, that the giving of this instruction could have prejudiced the jury against Major Taylor & Company, or in favor of Harding, simply because the jury, under the evidence, which was short and uncomplicated, could not fail to have known that there was no evidence whatever supporting the ground of negligence set forth in this instruction, and this being so, the jury could not have been misled by the instruction, especially in view of the fact that it does not appear in the record that the attorney for Harding in his argument to the jury made any allusion whatever to this instruction. It is evident, we think, that the jury were influenced to and did return a verdict for Harding upon the ground that they believed, as they had the right to, from the evidence, that the truck was being operated at an unlawful rate of speed, the horn not sounded, or the driver keeping a lookout; and that

the accident was caused by the negligence of the driver in one or all of these respects, and not by the negligence of Harding in failing to exercise ordinary care for his own safety, or caused by the fact that he walked into the truck. There was a sharp dispute in the evidence as to all of these issues and it would be unreasonable and highly technical to assume that the jury, in place of deciding the case upon the issues made by the evidence that furnished ample ground for their decision, should have rested it upon a ground which there was no evidence to support and to which no attention was given during 'the trial by counsel for Harding.

It is provided in section 756 of the Civil Code that, "nor shall a judgment be reversed or modified, except for an error to the prejudice of the substantial rights of the party complaining thereof." Giving effect to this section, this court, in numerous cases, has decided that an erroneous but not prejudicial instruction will not authorize a reversal. Chesapeake & Ohio Ry. Co. v. Conley, 136 Ky. 601; Consolidated Coal Co. v. Baldridge, 166 Ky. 187; Chesapeake & Ohio Ry. Co. v. Shamblen, 166 Ky. 789; Watson Contract Co. v. Trumbo, 170 Ky. 95; L. & N. R. R. Co. v. Massie's Admr., 138 Ky. 449; Louisville & Nashville Railroad Co. v. Grimes, 150 Ky. 219; Shellman v. Louisville Ry. Co., 147 Ky. 526; Chesapeake & Ohio Ry. Co. v. Ward's Admr., 145 Ky. 733; Walter v. Louisville Ry. Co., 150 Ky. 652. Following this rule, it is clear the error in giving this instruction did not, under the facts of the case, prejudice, the substantial rights of Major Taylor & Company.

The next assigned error relates to the failure of the trial court to permit Shuler to testify in behalf of Major Taylor & Company that Haag, a witness for Harding, who was present at the time of the accident, and testified as to what occurred, was so much under the influence of liquor at the time as to be unable to give an accurate or intelligent account of what happened. We do not think the court committed error in excluding the evidence of Shuler, because it does not appear from the offered evidence that Haag was at the time of the accident so under the influence of liquor as not to be able to take an intelligent and accurate survey of what happened at the time.

Finding no prejudicial error in the record, the judgment is affirmed.