### Denunzio v. Donahue.

(Decided October 7, 1924.)

## Appeal from Jefferson Circuit Court (Common Pleas, Third Divisinon).

1. Municipal Corporations—Contributory Negligence in Driving Automobile Without Lights Held for Jury.—Whether driving car at night without lights was negligence contributing to collision occurring under arc light, held for jury.
2. Municipal Corporations—Speed of Automobile Struck on Side Held Not to have Contributed to Accident.—Speed of automobile held not to have contributed to accident if, as contended, it was struck by another car on the left side and not in front.
3. Municipal Corporations—Instructions in Action for Injuries in Collision, Held Sufficiently Favorable to Defendant.—In action for injuries to passenger in automobile colliding with defendant's car under arc light, both cars being run without lights, instructions held sufficiently favorable to defendant.

WALTER E. HUFFAKER and FRED FORCHT for appellant.

ERNEST MACPHERSON and MATT O'DOHERTY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Affirming.

The automobile of appellant, Denunzio, collided with that in which Mary Donahue was riding on Baxter avenue

near Beechwood, in the city of Louisville, on March 27, 1921, causing an injury to Miss Donahue for which she instituted an action and recovered $1,030.00 in damages. This appeal is to reverse that judgment. The accident happened about 6:30 to 7:00 o'clock on a very rainy evening. It was dark. The car in which Miss Donahue rode was driven by Adams and was a Ford of the touring type, while the car driven by young Denunzio, son of appellant, was a Ford coupe. With Miss Donahue, a governess, were several young ladies whom she had been chaperoning in the country. Her car was driving north on Baxter avenue, while the Denunzio car was going south on the same avenue.

According to the plaintiff's evidence, her lights had gone out as she came to town and her attention had been called to this by the traffic policeman who instructed her to proceed very slowly, not exceeding eight (8) miles per hour, in going through town. She says she observed the officer's directions and was traveling very slowly as she approached the intersection of Beechwood, over which hung a bright arc light. Passing under the light she crossed the intersection to the north side of Beechwood some twenty or thirty feet, when the car driven by Denunzio suddenly turned from the west side of the street towards the car in which she was riding on the right side of the street and ran into it, causing the injury of which she complains. She says, as do her witnesses, that the Denunzio car had no lights but that the arc light was so bright that she saw the approach of the Denunzio car some fifty feet away and that Denunzio had opportunity to see and know of the presence of the Donahue car as it came under the bright light which covered the intersection. She also proved rather satisfactorily that the Denunzio car was traveling at a rapid rate and was not under control.

The evidence for Denunzio was to the effect that he left the store of his father about six o'clock to go to the home of his friend, Harry Hibbs, at the northeast corner of Baxter avenue and Beechwood; that he went by his home and was proceeding south on Baxter avenue keeping to the right side thereof until he approached the intersection of Beechwood, when he attempted to turn into that street; that he did not see the Donahue car until he was within about five feet of it, and that he could not stop and was struck on the right side by the Donahue car; that he did not know whether his lights were on at the time or not,

but he stated they were in good condition next morning after the wreck. It will thus be seen that both Miss Donahue and Mr. Denunzio claimed that the car in which the other was riding struck their car, and that the other was guilty of all the negligence. It is reasonably certain from the evidence that both cars were being driven without lights. The car in which Miss Donahue was riding was passing under the arc light, where it could be seen, and was on the right-hand side of the street going north, and that no collision could have happened but for the turn of the Denunzio car from the west side of the street towards the east side, to reach the house of his friend. If, as she contends, her car was twenty or thirty feet north of the intersection of Beechwood and Baxter avenues, then the car of Denunzio had turned across the street before it reached the intersection, and this was a violation of the traffic laws. The jury evidently found the fact to be that Denunzio did turn across the street at a place he had no right to make such a turn, thus causing the accident and injury, and based its verdict for $1,030.00 upon that finding.

Appellant insists that he was entitled to a directed verdict because the appellee was guilty of contributory negligence as a matter of law, and cites a number of foreign cases to support his contention, but none from this court.

While appellee Donahue was guilty of negligence in driving her car without lights, the jury may have concluded, as well they could, that the want of lights on the Donahue car did not in any way contribute to the accident. Miss Donahue was not guilty of contributory negligence as a matter of law if her statement of facts is true. Neither do we seriously regard appellant's contention that the driver of the Donahue car was negligent and that his negligence must be imputed to Miss Donahue. Unless Adams was driving at a greater rate of speed than was reasonable under the circumstances or otherwise negligently managed his car, he was guilty of no negligence and none could be imputed to Miss Donahue. As it was the contention of Miss Donahue that her car was struck on the left-hand side and not in front, the speed of the car could not have contributed to the accident. At all events the Donahue car was traveling at a very slow rate of speed, at most not exceeding eight or ten miles, according to all the evidence.

We have examined the instructions given by the court to the jury and of which appellant complains, and are convinced that they are more favorable to appellant than he was entitled to have. The first part of the instructions set forth in detail the relative duties of the drivers of the two cars. The court then told the jury in substance that if it believed from the evidence that the driver of the Denunzio car failed to exercise reasonable care or to perform the duties, or any of them, prescribed in instruction number 1, and such failure on his part, if any there were, was the sole cause of the collision and the resulting injuries, if any, to the plaintiff, to find for her; and unless they so believed to find for Denunzio. This instruction gave Denunzio opportunity to urge every defense he had before the jury. The court further instructed the jury that if it believed from the evidence that the driver of the car in which plaintiff was riding, or the plaintiff herself, was guilty of negligence and such negligence, if any there was, so contributed to cause the collision complained of, that but for such negligence upon the part of either, or both, of them, if any such there was, the collision would not have happened, and the plaintiff would not have been injured, to find for the defendant Denunzio. Another instruction correctly fixed the measure of damages in case they found for the plaintiff. By another instruction the court defined "ordinary care" and "negligence." We think the trial court presented every phase of appellant's defense to the jury in a fair and reasonable way. While the instructions might have been made more concrete and direct they could hardly have been more to the advantage of appellant.

No error appearing to the prejudice of appellant, the judgment is affirmed.

Judgment affirmed.