## Knecht v. Buckshorn et ux.

(Decided March 4, 1930.)

330

A. L. INSKEEP for appellant.

T. J. EDMONDS for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Affirming.

Franklin Knecht, by his next friend, instituted an action against Clifford Buckshorn and wife to recover damages for a personal injury. It was alleged in the petition that while attempting to cross Pike street in Covington, Ky., Mrs. Buckshorn, in charge of an automobile belonging to her husband, and operated by her with his authority, negligently drove it at a dangerous rate of speed, striking and seriously injuring the plaintiff. It was also alleged that defendants failed to exer-

cise due care after discovering plaintiff's peril. The defendants denied the negligence, and pleaded contributory negligence on the part of the plaintiff. The affirmative matter of the answer was traversed, and at the close of plaintiff's evidence the jury was instructed to find for the defendants, which was accordingly done. A motion for a new trial based upon the ground that the peremptory instruction was erroneously given was overruled, and the plaintiff appeals.

Two witnesses testified for the plaintiff to the effect that when the automobile got about opposite the boy who was on the sidewalk with an older brother he left the sidewalk, darted out into the street, and collided with the right front fender of defendants' automobile. The boy ran against the side of the car. He left the sidewalk at a time when the car was ten or fifteen feet from him and ran directly into it. One witness expressed an opinion that the defendants' automobile was traveling between fifteen and eighteen miles an hour, and added that she was driving very slowly when it happened. He further stated that Mrs. Buckshorn turned the car to the left a little bit, but the boy hit the side of the fender right over the front wheel before she could avoid him. She stopped the car almost instantly, not moving the length of the car after the boy was struck. The other witness expressed the judgment that the speed of the car was about eighteen miles an hour, certainly not more than eighteen or nineteen miles an hour. The automobile was stopped immediately and within a space less than its own length. He also stated that the machine was going at an ordinary rate of speed and it looked to him like the boy ran against the front fender on the right side. A physician testified respecting the nature and extent of the boy's injuries, but no other evidence regarding the accident was offered.

It is argued for the appellant that where a highway passes through a closely built-up portion of a city, if the rate of speed of a passing automobile exceeds fifteen miles per hour, it is prima facie evidence of unreasonable and improper driving; and where it is shown that the speed of a car was in excess of fifteen miles, a prima facie case for an injured party is made out. Plaintiff relies upon Kentucky Statutes, sec. 2739g-51, subsection 1, and a number of cases decided by this court construing the statute and defining the duties of a person operating

an automobile. Section 2739g-51 of the statutes provides:

"No operator of a vehicle on a public highway shall drive at a greater speed than is reasonable and proper, having regard for the traffic and the use of the highway. Provided that (1) Where a highway passes through the closely built-up business portions of any city or town; if the rate of speed of passenger automobiles thereon exceed fifteen miles per hour it shall be prima facie evidence of unreasonable and improper driving."

There are a number of other provisions in the section, but only the portion quoted is relied upon by the appellant. The limit prescribed by the statute is a reasonable and proper speed, but a speed in excess of fifteen miles per hour in built-up business portions of cities is presumptively unreasonable and improper. In the absence of other evidence to overcome the presumption created by the statute, it is accepted as a fact established. Kappa v. Brewer, 207 Ky. 61, 268 S. W. 831; Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Wight v. Rose, 209 Ky. 803, 273 S. W. 472. Two witnesses expressed the opinion in this case that the speed of the car may have been as much as eighteen miles per hour, but both stated that the car stopped immediately and within the length of itself, which tends to impair the value of the estimate of the witnesses as to the speed. Cf. Wener v. Pope, 209 Ky. 553, 273 S. W. 92. Assuming, however, that there was a scintilla of evidence of an unreasonable and improper speed, it does not follow that the plaintiff is entitled to recover. It must further appear from the evidence, or from the inferences reasonably to be deduced therefrom, that the injury complained of resulted proximately from the excessive speed. No matter how clearly negligence may be shown, if it does not cause the alleged injury, a case is not made out. Moore v. Hart, 171 Ky. 725, 188 S. W. 861; Hornek Bros. v. Strubel, 212 Ky. 631, 279 S. W. 1087; Denunzio v. Donahue, 204 Ky. 705, 265 S. W. 299; Louisville & N. R. Co. v. Greenwell's Adm'r, 144 Ky. 796, 139 S. W. 934; Stratton v. Northeast Coal Co., 164 Ky. 299, 175 S. W. 332; Major Taylor Co. v. Harding, 182 Ky. 236, 206 S. W. 285; Illinois Cent. R. Co. v. Dupree, 138 Ky. 459, 128 S. W. 334, 34 L. R. A. (N. S.) 645. The evidence clearly shows that the proximate cause of the injury to appel-

lant was his act in running against the automobile. The speed of the car played no part in the causation of the injury. The boy would have been injured just the same if the car had been moving at a much slower rate of speed, or even standing still. Cf. Denunzio v. Donahue, supra. There is no room for any inference that the speed of the car, whatever it may have been, brought about the injury of appellant. While proximate cause is ordinarily a question for the jury (Beiser v. C., N. O. & T. P. R. Co., 152 Ky. 522, 153 S. W. 742, 43 L. R. A. (N. S.) 1050; Dunn v. Central State Hospital, 197 Ky. 807, 248 S. W. 216; Paducah Traction Co. v. Weitlauf, 176 Ky. 82, 195 S. W. 99, L. R. A. 1917F, 353), where there is no room for a reasonable inference that the proven negligence had any causal connection with the alleged injury, there is no evidence of proximate cause upon which the jury could base a verdict (Tolin v. Terrell, 133 Ky. 210, 117 S. W. 290; Young v. N. & W. R. Co., 171 Ky. 510, 188 S. W. 621). The mere presence of the automobile where the boy could run against it was but a condition and not a cause of the accident. Shafer v. C. & O. R. Co., 228 Ky. 219, 14 S. W. (2d) 780. In Ewing's Sons v. Arnold, 199 Ky. 513, 251 S. W. 626, a boy was hurt while crossing the street in the middle of the block, and the evidence was held sufficient to warrant the inference that the excessive speed of the automobile, and the failure to sound the horn, were the proximate causes of the injury. In that case it appeared that plaintiff and two other boys had started to cross the street. Plaintiff stopped momentarily to get some snow from the fender of an automobile standing near the sidewalk. The driver of the car admitted that he saw plaintiff as he did so, and it was a reasonable inference that he also saw his two companions precede him across the street. The court held that he should have brought his car within the speed limit, and his failure to do so might reasonably be considered the cause of striking the boy, who had tried to cross ahead of him. No such evidence is to be found in the present record. There was nothing to indicate to the driver that the boy would endeavor to cross the street ahead of her car, and indeed he did not do so. The car was already in his path, and he ran directly against it, so that any question of the speed of the car became wholly immaterial. Cf. Metts v. Louisville Gas & Elec. Co., 222 Ky. 551, 1 S. W. (2d) 985; and P. Bannon Pipe Co. v. Craig, 211 Ky. 562, 277 S. W. 855.

334

No evidence was adduced to show that there was any possibility of preventing the accident. The driver of the car did not discover the peril of the boy until the very moment of the accident, and there was nothing she could do to avert it. If a person discovers another's peril and may, by the exercise of ordinary care, avoid an injury to him, the law imposes the duty of doing so. Myers v. Cassity, 209 Ky. 315, 272 S. W. 718. But there must be evidence to show a discovery of the impending peril in time, by the exercise of ordinary care, to prevent injury. In the absence of such evidence there is no room for the application of the doctrine. The evidence in this case showed that the little boy left the sidewalk and ran immediately into the passing car, with no opportunity whatever afforded the driver to avoid it. The circuit court correctly concluded that there was not sufficient evidence to warrant submission of the case to the jury.

The injury to the little boy was most regrettable, but the evidence furnishes no basis for visiting the consequences upon the defendants, when no act or omission of theirs in any way contributed to cause the misfortune.

The judgment is affirmed.