## Murphy v. Homans.

Dec. 13, 1940.

192

Trabue, Doolan, Helm & Stites and Harris W. Coleman for appellant.

O'Neal & O'Neal and Joseph S. Lawton for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

Mrs. Gertrude M. Murphy instituted this action against Sheppard Homans to recover damages for personal injuries, which she alleged were caused by the negligent operation of his car. The answer was a traverse followed by an affirmative plea of plaintiff's contributory negligence. A reply denying contributory negligence on the part of the plaintiff completed the issue. At the completion of plaintiff's evidence the court peremptorily instructed the jury to find for the defendant. The record does not show on what ground the trial judge based his peremptory instruction; however, the briefs state he reached the conclusion that the defendant was not negligent in the operation of his car, or if so, the plaintiff was guilty of contributory negligence as a matter of law.

In seeking a reversal Mrs. Murphy argues that the defendant's negligence consisted of: (1) Driving in excess of the statutory rate of 15 miles per hour; (2) failing to keep a lookout; (3) failing to give warning of his

approach; (4) failing to avert the accident after discovering her peril. Homans contends: (1) His speed had no connection with the accident; (2) no duty was imposed upon him to keep a lookout for pedestrians on Liberty between the Fourth and Fifth Street intersections, as a city ordinance forbade defendant crossing this street between such intersections; (3) the facts did not necessitate the giving of a signal of his approach; (4) the last clear chance doctrine is not applicable because he could not have averted the accident with the means at hand after discovering plaintiff's peril; (5) the plaintiff was guilty of contributory negligence as a matter of law.

The record substantially shows these facts: On the morning of July 3, 1937, around 7:30 o'clock, the appellant, Mrs. Murphy, and her husband parked their car parallel with and very close to the curb on the south side of Liberty Street between Fourth and Fifth Streets in the City of Louisville. The car was parked near the middle of the block at a point 185.9 feet from the intersection of Fifth and Liberty Streets, at which intersection there is a traffic signal. Directly in front of the Murphy car and separated from it by only a foot or two was a truck parked parallel with the curb, which truck was behind a milk truck; both trucks being in front, or to the east, of the car. There were no vehicles parked on the south side of Liberty Street to the rear, or west, of the Murphy car, or between it and the intersection at Liberty and Fifth. Liberty Street is 36 feet wide and there are two car tracks on it. The south track of the east line is 10 feet from the south curb.

As soon as Mr. Murphy parked the car, he alighted from the left door and went directly across Liberty Street to his business. Mrs. Murphy left the car from the right front door, looked both east and west on Liberty Street, saw no approaching traffic and walked to the front of her car passing between it and the adjacent truck. Just as she stepped out from between the car and the truck, the appellee, Homans, drove his car against Mrs. Murphy seriously injuring her. The evidence shows Homans approached from the Fifth Street intersection and was driving east on Liberty Street at a speed between 25 and 35 miles per hour; that he did not sound his horn or give any signal of his approach; and that he drove very near to the Murphy car.

We have concluded under the facts disclosed in this record that it was a question for the jury to determine whether or not defendant's speed was the proximate cause of the accident. Also, that the plaintiff was not guilty of contributory negligence as a matter of law, but that the jury should have been allowed to determine whether or not her negligence contributed to the accident so as to bar her right of recovery. All other points raised by counsel are reserved.

Mrs. Murphy alighted from her car 185 feet from the intersection of Liberty and Fifth Streets. She testified that as she did so she looked west on Liberty, saw no cars approaching, walked to the front of her car and proceeded to step from between it and the truck. As Section 2739g-51, Kentucky Statutes, existed at that time (which was before the 1938 amendment), it imposed the duty upon the defendant not to drive his car in this section of Louisville at a speed exceeding 15 miles per hour. Mrs. Murphy had the right to assume no car would approach her in excess of that speed, Coleman v. Nelson, 224 Ky. 460, 6 S. W. (2d) 454. The violation of a statute or ordinance in this State is held to be negligence per se, but this negligence of defendant in violating Section 2739g-51 will not entitle plaintiff to recover unless it was the proximate cause of her injury; Hardware Mut. Casualty Co. v. Union Transfer & Storage Co., 205 Ky. 651, 266 S. W. 362; Pryor's Adm'r v. Otter, 268 Ky. 602, 105 S. W. (2d) 564; Home Laundry Co. v. Cook, 277 Ky. 8, 125 S. W. (2d) 763. Traveling at 15 miles per hour defendant would have traversed the 185 feet from the Fifth Street Intersection to the point of the accident in 8 13/22 seconds; during which time plaintiff would have traveled 37.7 feet if she were walking at the usual gait of 3 miles per hour, which would have put her beyond the path of defendant's car. Again, if defendant had been driving at not exceeding 15 miles per hour instead of from 25 to 35 miles per hour, he might have avoided striking Mrs. Murphy by applying his brakes or by diverting the course of his car. We cannot say as a matter of law that if he had been traveling within the statutory speed the defendant could not have averted the accident. It was written in Beiser v. Cincinnati, N. O. & T. P. R. Co., 152 Ky. 522, 153 S. W. 742, 744, 43 L. R. A., N. S., 1050:

"Before the judge can take the question [proximate

cause] away from the jury and determine it himself, the facts must not only be undisputed, but the inference to be drawn from those facts must be such that fair-minded men ought not to differ about them.''

In the instant case it is undisputed that the defendant was driving at least 25 miles per hour at the time of the accident, and it cannot be said that fair-minded men might not differ as to whether or not such speed was the proximate cause of the accident, therefore, it became a question for the jury; O'Neil & Hearne v. Bray's Adm'x, 262 Ky. 377, 90 S. W. (2d) 353; State Highway Commission v. Hall, 274 Ky. 586, 119 S. W. 666.

The rule that the plaintiff cannot recover although defendant was driving at an excessive rate of speed, if the speed played no part in the accident, and the accident would have resulted regardless of the rate of speed defendant was driving, is set out in Knecht v. Buckshorn, 233 Ky. 329, 25 S. W. (2d) 727; Denunzio v. Donahue, 204 Ky. 705, 265 S. W. 299; Major Taylor & Co. v. Harding, 182 Ky. 236, 206 S. W. 285; Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478; Louisville & N. R. Co. v. Mitchell's Adm'x, 276 Ky. 671, 124 S. W. (2d) 1025. What we have written in the instant case does not in the least conflict with this rule.

Defendant argues that as plaintiff crossed Liberty Street between intersections and at a point forbidden by a city ordinance, and as she did not again look for approaching cars immediately before she stepped from between the car and the truck, she is guilty of contributory negligence as a matter of law, which bars her right of recovery. Courts of this Commonwealth take judicial notice of the ordinances of the City of Louisville, Section 2775, Kentucky Statutes. What is said above concerning defendant's violation of Section 2739g-51, Kentucky Stats., applies to plaintiff's violation of the city ordinance forbidding her from crossing Liberty Street between intersections. Her violation of that ordinance was negligence per se. But did her negligence so contribute to the accident as to bar her recovery? It is for the jury to answer this question, just as it is for the jury to determine whether or not defendant's excessive speed was the proximate cause of the accident. Nor was plaintiff guilty of contributory negligence as a matter of law because she did not again look for ap-

proaching cars as she emerged from between her car and the truck. It is for the jury to say whether or not on this occasion the plaintiff used that degree of care for her own safety that an ordinarily careful and prudent person would have exercised under like or similar circumstances. Wilder v. Cadle, 227 Ky. 486, 13 S. W. (2d) 497. Defendant attempts to distinguish the Wilder case from the instant one but we cannot see any distinction. The only difference between them is that in the Wilder case the defendant was not driving as fast as was the defendant here. There, the car was 100 feet from the plaintiff when it came into the street where the accident occurred, while here, the accident happened 185 feet from the intersection. The fact that in the Wilder case the plaintiff was near the center of the street when struck, while Mrs. Murphy had just taken one step from between the car and the truck when she was struck, would not make any material difference since the plaintiffs in both cases had looked for approaching cars before attempting to cross the street.

The case was one for the jury to determine whether or not defendant's excessive speed was the proximate cause of the accident and whether or not defendant's negligence so contributed to the accident as to bar her right of recovery. All other questions raised on this appeal are reserved.

The judgment is reversed.