William A. NISBET, Katherine Nisbet, Lanna M. Nisbet, Emma M. Nisbet, and J. C. Nisbet, Plaintiffs-Appellants,

v.

Ira VAN TUYL and Elsin C. Van Tuyl, doing business as V–T Drilling Company, Ray Ryan and Helen Ryan, doing business as Ryan Oil Company, Defendants-Appellees.

No. 11315.

United States Court of Appeals
Seventh Circuit.

June 10, 1955.

3. 15 U.S.C.A. §§ 1051–1127.

Nat H. Youngblood, William L. Craig,
Herman L. McCray, D. Bailey Merrill,

68

Evansville, Ind., James G. Wheeler, of the firm of Wheeler & Marshall, Paducah, Ky., of counsel, for plaintiffs-appellants.

Joe Vol Butt, Frederick P. Bamberger, Evansville, Ind., Edmund F. Ortmeyer, William P. Foreman, Wesley Bowers, Ellis B. Anderson, Evansville, Ind., for defendants-appellees.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

This action was brought to recover damages occasioned by the alleged negligence of the defendants in failing to properly plug an abandoned oil well. The district court sustained defendants' motion for a summary judgment and entered a judgment for costs against plaintiffs, from which this appeal is taken. The errors relied on arise out of the granting of defendants' said motion.

The facts before the court, for the purpose of the motion for summary judgment, are those appearing in plaintiffs' amended complaint, defendants' answer thereto and the affidavit of Ira Van Tuyl, a defendant. They are as follows:

On June 23, 1947, plaintiffs Nisbet, as lessors, entered into an oil and gas lease which was later assigned by lessees to defendant Ryan Oil Company. The lease covered certain land in Kentucky. Among other things the lease provided that "Lessee shall pay for damages caused by its operations to growing crops on said land." An oil well was drilled on plaintiffs' lands by defendants Ryan Oil Company and V-T Drilling Company. It was drilled through a workable coal bed. The well was determined to be a dry hole and was improperly sealed by defendants as an abandoned well.

On December 10, 1947, plaintiffs entered into a coal lease with West Kentucky Coal Company covering the same lands that were previously leased for oil. When the coal company commenced to mine the coal, it discovered that water and gas were leaking into the coal mine from the abandoned oil well and it was necessary to stop mining the coal. The coal company lease gave a right to mine coal in vein No. 11 only, but the gas and water leaking from the abandoned oil well also prevented the mining of coal in two lower veins. Plaintiffs, at a cost of $7,500, properly resealed and replugged the abandoned oil well so that the coal could be mined.

The amended complaint asked for judgment in that amount and costs.

During the time when all of the aforementioned incidents occurred there was in effect a Kentucky statute, two sections of which [1] are relief upon by plaintiffs. They are as follows:

"353.110. Abandonment of well drilled through coal strata; plugging of well.

"Prior to the abandonment of a well drilled through a workable coal bed the well operator shall notify, by registered mail, the operator or owner of the coal bed and the department of the intention to plug and abandon the well. The notice shall give the number of the well and its location, and fix the time at which the work of plugging and filling will be commenced, the time not to be less than five days after the day on which the notice is received, or in due course should be received, by the department. The department shall prescribe the form of notice to be used. A representative or representatives of the coal operator or owner and of the department may be present at the plugging and filling of the well. Whether or not such representatives appear, the well operator may proceed, at the time fixed, to plug and fill the well. When the plugging and filling have been completed, an affidavit setting forth the time and manner in which the well was plugged shall be made in triplicate by two experienced men who participated in the work. The affidavit shall be made on forms fur-

1. Sections 353.110 and 353.120, Kentucky Revised Statutes.

nished by the department. One copy of the affidavit shall be retained by the well operator, one mailed to each coal operator and each owner, and one to the department.

"353.120. Method of plugging well drilled through coal-bearing strata.

"When any well drilled through a workable coal bed is abandoned, it shall at that time be plugged to a point forty feet below the lowest workable coal bed, in the following manner: The hole shall be filled with mud, clay or other nonporous material from the bottom to a point twenty feet above the top of the lowest oil, gas or water-bearing strata, or a permanent bridge shall be anchored thirty feet below its lowest oil, gas or water-bearing strata, and from this bridge it shall be filled with mud, clay or other nonporous material to a point twenty feet above the strata, at which point there shall be placed a plug of cement or other suitable material that will completely seal the hole. Between this sealing plug and a point twenty feet above the next higher oil, gas, or water-bearing strata, the hole shall be treated in a like manner and at that point there shall be placed another suitable plug, that will completely seal the hole. In a like manner the hole shall be filled and plugged, or bridged, filled and plugged, with reference to each of its oil, gas, or water-bearing strata. Whenever such strata are not widely separated and are free from water, they may be grouped and treated as a single productive stratum. After plugging all strata, a final plug shall be anchored approximately ten feet below the bottom of the largest casing in the well and from that point to the surface the well shall be filled with mud, clay or other nonporous material."

Plaintiffs also rely on a penalty section [2] which reads:

"A person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation."

Defendants cite another statutory provision [3] which reads:

"(1) Any person who willfully violates any of the provisions of KRS 353.050 to 353.130 or KRS 353.200 relating to the manner of drilling and casing or plugging and filling any well, or fixing the distance from wells within which mining operations may not be conducted, or any person who willfully violates any of the terms of an order of the department allowing mining operations within a lesser distance of any well than that prescribed by this chapter shall be fined not more than two hundred dollars or imprisoned in jail for not more than twelve months, or both."

The question presented by this appeal is whether defendants, on the basis of these facts, are entitled to a judgment as a matter of law.

1. Both sides concede that the people of Kentucky have an interest in the conservation of its natural resources which may be protected under the police power of that state. Defendants contend that this protection is afforded to the people by section 353.990, and that the above quoted statutes do not give rise to a civil action for damages in favor of persons who are not "within the class for whose benefit the statutes were enacted." On the other hand, plaintiffs contend that the statutory provisions upon which they rely became a part of the lease under which Ryan Oil Company drilled and plugged the oil well in question, and that they, having been injured by defendants' violation of a statute, may re-

2. Section 446.070 Kentucky Revised Statutes.

3. Section 353.990 Kentucky Revised Statutes.

cover such damages as they sustained thereby.

Plaintiffs' amended complaint alleged that the well was drilled by defendants through a workable coal bed and, when abandoned by defendants, was sealed, but that defendants negligently failed to plug the well in the manner required by sections 353.110 and 353.120, supra, for the plugging of abandoned wells drilled through a workable coal bed. Defendants' answer admitted that the well which was drilled by them was determined to be a dry hole and was sealed as an abandoned well, but denied the other allegations.

The amended complaint also charged facts indicating that the failure of defendants to so plug the well was the proximate cause of water and gas entering into the coal bed where mining operations were started, and that plaintiffs requested defendants to plug the well, but that they refused to do so, whereupon, to save the coal leased to West Kentucky Coal Company, and two lower veins, plaintiffs properly plugged the well, for the cost of which work they sued defendants.

Defendants' answer denied that plaintiffs requested them to plug the well, or that they refused to do so, and also denied that plaintiffs have been damaged in the sum of $7,500. Otherwise they say that they are without knowledge or information sufficient to form a belief as to the truth of the other averments above set forth.

Plaintiffs' allegations, if true, show that defendants violated sections 353.110 and 353.120 Kentucky Revised Statutes, and that as a proximate result thereof they sustained the damage sued for.

The violation of a statute in Kentucky is held to be negligence *per se.* Murphy v. Homans, 286 Ky. 191, 150 S. W.2d 14, at page 16. See 65 C.J.S., Negligence § 19, p. 418. Of course, it is incumbent upon a plaintiff, in relying upon such a violation for a recovery of damages, to show that the negligence of a defendant consisting of the violation of a statute, was the proximate cause of plaintiff's damage. The question of proximate cause is for a jury to determine if it is put in issue. Murphy v. Homans, supra.

While these principles are generally recognized, even in the absence of a statutory provision to that effect, plaintiffs' position in this case is fortified by a statutory provision [4] expressly giving a right of recovery to any person injured by a statutory violation, although a penalty or forfeiture is imposed therefor.

Plaintiffs, as the owners of the fee simple title to land underlain with coal, the mining of which was damaged by a statutory violation by defendants, are persons entitled to seek their damages from defendants by virtue of section 446.070. It is apparent that there is a relation of proximate cause and effect presented by the facts alleged by plaintiffs.

The fact that there is a statutory provision [5] providing a penalty by way of fine or imprisonment, or both, does not bar this action. Palmer Corp. v. Collins, 214 Ky. 828, 284 S.W. 95, 97.

2. Defendants also contend that plaintiffs' right to damages, if it existed at all, was waived because of the provision in the lease imposing upon the lessee an obligation to pay for damages to growing crops which, according to defendants, excluded any liability for damages on account of other matters. To this contention plaintiffs reply that their statutory right to damages asserted in this case cannot be waived by inference or implication.

There is no intention expressed in the oil lease to waive the protection of the statutes.[6] But, say defendants, the only provision of the lease

4. Section 446.070 Kentucky Revised Statutes.

5. Section 353.990 Kentucky Revised Statutes.

6. Sections 353.110, 353.120 and 446.070 Kentucky Revised Statutes.

pertaining to the subject matter of damages is "Lessee shall pay for damages caused by its operations to growing crops on said land." From this defendants reason that plaintiffs waived any right which they might otherwise have had to recover damages on account of the improper plugging of the well drilled pursuant to said lease. We cannot give any such effect to the provision in regard to damage to growing crops. The waiver cannot rest upon such an unstable basis. The maxim *Expressio unius est exclusio alterius*—"The enumeration of particular things excludes the idea of something else not mentioned," is inapplicable for the reason, among others, that damages referred to in the provision quoted from the lease relate to the results of permitted operations of the tenant during the term of the tenancy. On the other hand, damages due to tenant's neglect in improperly plugging the well upon abandonment of the lease, arise independently of the lease and are based upon a statute. In passing upon defendants' contention as to waiver, the guilding star is the intention of the parties in using the language contained in the quoted provision in the lease. We do not believe that it was their intention to permit an inference to be drawn that that provision waived plaintiffs' right to rely upon the statutory duty imposed upon defendants to properly plug the dry well following its abandonment.

3. This action was originally brought by the present plaintiffs and West Kentucky Coal Company, a corporation, by the filing of a complaint setting forth that the coal company plugged the well after its alleged improper plugging by defendants, and that the negligence of the defendants caused damage to the coal company in the sum of $75,000, and to the other plaintiffs in the sum of $15,000.

Thereafter the amended complaint hereinbefore referred to was filed. The coal company is not a party to the amended complaint. Defendants contend that the original complaint contained "admissions which estop plaintiffs from maintaining their alleged action set forth in their amended complaint and which, in any event, clearly demonstrate that there is no genuine issue presented by plaintiffs' amended complaint." Defendants add that "if, strictly speaking, they" (plaintiffs) "were not so estopped, it was certainly proper for the lower court to consider said unexplained admissions in the original complaint and to conclude that the amended complaint presented no genuine issue as to any material fact."

▬▬▬ Upon a motion for summary judgment [7] the court, in considering the pleadings upon which the motion is in part based, considers amended pleadings rather than prior pleadings superseded by the amended pleadings. An amended pleading ordinarily supersedes the prior pleading. [8] The prior pleading is in effect withdrawn as to all matters not restated in the amended pleading, and becomes *functus officio*. 71 C.J.S., Pleading, § 321, p. 717. Therefore the argument of defendants in this regard is untenable. Upon a trial of the issues raised by the pleadings, including the amended complaint, a complaint superseded thereby might well be offered in evidence by the defense if it contains material admissions by the plaintiffs named in the amended complaint. Such evidence would be admissible in order to enable the court to determine the facts upon the issues being tried. Conversely, upon the trial, plaintiffs would be permitted to show by evidence the explanation, if any there be, as to why the facts relied on by defendants as admissions were stated in the amended complaint differently than the way in which they were stated in the original complaint.

Defendants rely on Sullivan v. Colby, 7 Cir., 71 F. 460. However, what we said in that case had to do with the effect of matters introduced *into evidence upon a trial*. It did not involve a motion for judgment upon the pleadings or a motion

---

7. Title 28 U.S.C.A., Federal Rules of Civil Procedure, Rule 56(a).

8. 71 C.J.S., Pleading, § 321, p. 716.

for summary judgment. For that reason that case is not controlling in the case at bar.

For the reasons hereinbefore stated, the judgment of the district court is reversed and the cause is remanded for further proceedings not inconsistent herewith.